## J. F. Burns Machine Co. v. Pangallo

Before Keim, *P.J.*, and McCormick, *J.*

*Irving Bloom,* for plaintiff.
*Dom Meffe,* for defendants.

McCORMICK, *J.*, March 13, 1979—On a request for preliminary and permanent injunction to restrain defendants from bringing criminal prosecutions against plaintiff company and its employes for alleged violations of The Aeronautical Code of May 25, 1933, P.L. 1001, 2 P.S. §§1467, 1468, secs. 401 and 402, which pertain to flying below an alleged unsafe height, after hearing, the chancellor denied relief. Plaintiff has filed exceptions to that determination.

During the hearing, testimony revealed that there have been three prosecutions against plaintiff and its employes arising out of flights of plaintiff's Cessna Skymaster 337 airplane in and out of the Boquet Airport located in Penn Township,

Westmoreland County, Pa. The hearing judge, sitting as chancellor, held that the airport is subject to both state and Federal regulations concerning minimum safe altitude and that there was insufficient evidence to show that there were baseless criminal charges filed and a multiplicity or threatened multiplicity of criminal proceedings by defendants.

After a review of the transcript and the briefs filed by the parties, the court is satisfied that the chancellor did make an erroneous decision both as to facts and law. In reversal of that opinion and decree the court makes the following

## FINDINGS OF FACT

1. Plaintiff company owns a Cessna Skymaster 337 airplane which lands and takes off from the Boquet Airport, Penn Township, Westmoreland County, Pa.

2. Dominick Pangallo and Mr. and Mrs. William Pangallo own land adjacent to said airport.

3. The flight pattern of the Burns aircraft for landing and take off to and from the Boquet Airport is directly over the Dominick Pangallo property.

4. Criminal charges were brought before Magistrate Lance Brown against Burns Company, or its agents, on three occasions, alleging violations of The Aeronautical Code, secs. 401 and 402, and additional prosecutions are threatened if plaintiff continues to fly in and out of the Boquet Airport in its Cessna 337 airplane.

5. Plaintiff has met its burden of proving that defendants have filed baseless criminal charges against plaintiff and its agents.

6. Sufficient evidence was produced to establish

that there has been a multiplicity of criminal proceedings instituted by defendants and future criminal proceedings are threatened if plaintiff continues to use Boquet Airport with its Cessna 337 airplane.

7. Plaintiff would suffer irreparable harm if a multiplicity of pending and future criminal charges are not enjoined.

8. The complaints in the counterclaim filed by defendants have not been substantiated by any testimony.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter of this suit.

2. An injunction will lie to restrain future prosecutions for criminal activity.

3. The F.A.A. regulations concerning the safe altitude for take off and landing at airports such as Boquet preempt the field of such regulations and prevent any application of sections 401 and 402 of The Aeronautical Code.

4. Plaintiffs are entitled to relief in the form of a permanent injunction against defendants.

5. Defendants' counterclaim must be dismissed.

## DISCUSSION

Plaintiff's exception to conclusion of law no. 2 found by the chancellor is well taken. An injunction will lie to restrain future criminal prosecutions. In the case of Everett v. Harron, 380 Pa. 123, 128-129, 110 A. 2d 383 (1955), the court stated. "[T]he mere fact that the act complained of is a crime neither confers equitable jurisdiction, nor ousts it . . . In short, while equity will not enjoin the commission

of a crime in order to enforce the criminal law, the criminal nature of an act will not deprive equity of jurisdiction otherwise attaching."

In Pennsylvania Society for Prevention of Cruelty to Animals v. Bravo Enterprises, 428 Pa. 350, 237 A. 2d 342, 347 (1968), the court further explained: "When does equitable jurisdiction 'otherwise attach'? It would seem that, in this regard, our courts have tacitly assumed that it makes no difference whether the alleged wrongdoer is the plaintiff or defendant in equity . . ."

Thus it would seem that the court cannot dismiss the case merely because it involves a criminal proceeding. It must go further to examine whether it is a proper case for equity to give relief because there is no adequate remedy at law.

The court in Bravo Enterprises, supra, sets forth two exceptions to the rule which prohibits the enjoining of criminal prosecutions. In its application to the situation where one who has been charged with criminal acts has sought to enjoin the prosecution, the court stated:

"Thus, equity will lie to restrain a pending criminal prosecution if it is alleged that: (1) The available legal remedy will cause a multiplicity of suits situation to arise, Martin v. Baldy [249 Pa. 253, 94 A. 1091 (1915)] . . ., or (2) The statute or ordinance in question is unconstitutional and void (either per se or as it applies to the party seeking the injunction), and its enforcement will cause the plaintiff irreparable loss to his property. Duquesne Light Co. v. Upper St. Clair, 377 Pa. 323, 339, 341, 105 A. 2d 287 (1954); Adams v. New Kensington, 357 Pa. 557, 560-561, 55 A. 2d 392, 394 (1947)."

Plaintiff has established three arrests thus far

and the threat of additional ones for alleged violations of The Aeronautical Code, flying too low over defendants' properties. Thus multiplicity of actions has been established.

As to the second exception, it applies in this case because air traffic to the Boquet Airport is regulated by the Federal Aviation Administration: The Aviation Act of August 23, 1958, 72 Stat. 737, 49 U.S.C.A. §1301 et seq. In the case of Allegheny Airlines v. Village of Cedarhurst, 238 F. 2d 812 (2d Cir. 1956), the Second Circuit struck down a local ordinance prohibiting flight at an altitude below 1,000 feet saying:

"The appellants do not dispute that the federal government has preempted the field of regulation and control of the flight of aircraft in the air space 1,000 feet or more above the ground . . . [T]he Congressional purpose is clear to empower the Board to make rules as to safe altitudes of flight at any elevation . . . The federal regulatory system . . . has preempted the field below as well as above 1,000 feet from the ground." See City of Newark v. Eastern Airlines, 159 F. Supp. 750 (D.N.J. 1958); American Airlines, Inc. v. Town of Hempstead, 272 F. Supp. 226 (E.D.N.Y. 1967).

The District Court in American Airlines, Inc. v. City of Audobon Park, Kentucky, 297 F. Supp. 207 (W.D. Ky. 1968), 407 F. 2d 1306 (6th Cir. 1969), cert. denied 396 U.S. 845 (1969), found:

"10 . . . Ordinance No. 4, Series 1967, of the City of Audobon Park is in direct conflict with said statutes and regulations. Under the Supremacy Clause

(Art. VI, §2) of the United States Constitution, such statutes and regulations are the supreme law of the land, and are binding on this Court, anything in the ordinance of the City of Audobon Park to the contrary notwithstanding.

"11  The statutes enacted by the Congress clearly expressed an intent fully to preempt the field of law and regulation of interstate and foreign air traffic. The City of Audobon Park, therefore, has no power to enact Ordinance No. 4, Series 1967."

It must follow then that any state laws in conflict with Federal regulations cannot be enforced. It can readily be seen that if this court were to affirm the chancellor's findings and decision, refusing the plaintiff's injunctive relief, it would result in a multitude of criminal prosecutions against it and its agents and irreparable harm through loss of property (fines and costs).

For all of the foregoing reasons the court enters the following

## ORDER

And now, March 13, 1979, the exceptions taken by plaintiff to the chancellor's findings of facts, conclusions of law and decree are hereby sustained and defendants are hereby permanently enjoined from filing criminal charges under sections 401 and 402 of The Aeronautical Code, and from filing any other criminal charges arising out of take offs and landings of plaintiff's Cessna airplane or any other airplane from the Boquet Airport located in Penn Township, Westmoreland County, Pa., against plaintiff or its agents.